DWIGHT ROBINSON, APPELLANT, V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, APPELLEE.

197 N. W. 2d 396

Filed May 12, 1972. No. 38367.

Don A. Fitch, for appellant.

Healey, Healey, Brown & Burchard, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and WARREN, District Judge.

McCOWN, J.

This was an action based on an automobile insurance "binder" issued by an agent for the defendant insurance company. At the conclusion of the plaintiff's evidence, the district court sustained a motion to dismiss.

Plaintiff was the owner of a 1967 Ford truck. On May 21, 1969, the plaintiff called at the office of defendant's local agent in Boone, Iowa, and executed an application for insurance on the truck and contents. The plaintiff paid the agent for the first 6 months premium

by check. The agent filled out and delivered to the plaintiff a binder in which the defendant agreed "to bind the named insured subject to the conditions given in the regular policy, for such of the following coverages as are indicated pending the issue of an automobile insurance policy in the form and at the rates and classifications of the Company's manual. This binder shall in no event be in force more than 30 days from date written and shall be superseded by the policy." The plaintiff was the named insured and the binder was dated and effective May 21, 1969. It described plaintiff's truck, and specifically included comprehensive and $100 deductible collision coverage.

On June 9, 1969, the plaintiff's truck was wrecked when it left a county road in Lancaster County, Nebraska, and overturned in an adjacent field. The truck was being driven by another individual with plaintiff's permission. The plaintiff's ownership of the truck and the facts of the accident were admitted in defendant's answer. The answer also alleged that if a policy of insurance existed, it expressly excluded coverage "while owned motor vehicle is rented or leased to others by the insured," and that at the time of the loss the truck was being rented or leased to another. The defendant did not at any time issue an insurance policy but on June 19, 1969, the defendant sent a notice of cancellation to the plaintiff advising him that defendant was unable to continue his "automobile insurance" and that his "policy" was canceled effective June 19, 1969. Plaintiff's check for $72.70 was returned with the notice of cancellation.

Defendant's motion to dismiss was sustained at the close of plaintiff's evidence. No evidence was introduced by either party as to the terms of defendant's "regular policy" nor of any conditions, limitations, or exclusions in such regular policy.

The contentions of the parties on this appeal do not meet. The plaintiff contends that the only contract is

contained in the "binder" and that the nature of the coverages should be that orally requested by the plaintiff. The defendant contends that a "binder" which refers to the conditions given in a regular policy to be issued later is subject to the limitation provisions contained in the regular policy, and then asserts that certain limitations or exclusions which would have been in the policy, if issued, prevent recovery under the facts here. The "binder" is in evidence, but defendant's "regular policy" is not in evidence. The real issue is to determine which party had the burden of going forward with the evidence or producing the "regular policy" at the time the motion to dismiss was sustained.

The terms and provisions which control in the construction of the coverage afforded by a temporary insurance "binder" are those contained in the ordinary form of policy usually issued by the company at that time upon similar risks. 12 Appleman, Insurance Law and Practice, § 7225, p. 323. See, also, Jennings v. Illinois Automobile Club, 319 Ill. App. 587, 49 N. E. 2d 847; Altrocchi v. Hammond, 17 Ill. App. 2d 192, 149 N. E. 2d 646. The problem in cases such as this is whether recovery on the binder is precluded by the policy provisions as to the coverage assumed by the insurer. Generally speaking, courts have concluded that if the insurer would have been liable in an action on the policy, it is liable in an action on the binder or vice versa. See Annotation, Temporary Insurance, 12 A. L. R. 3d 1304.

Here the defendant's pleadings admit that the plaintiff was the named insured, the owner of the insured vehicle, and that the vehicle was damaged when it left the road and overturned. Under these facts, the loss was clearly within the usual coverage of automobile collision insurance policies. The binder here met all the requirements for temporary insurance. The defendant, not the plaintiff, was in possession and control of the form of the "regular policy" to be issued. The

plaintiff established a prima facie case of a loss covered by temporary insurance upon admission into evidence of the binder in view of the admissions of the defendant in the pleadings. The defendant relied upon an exclusion presumed to be contained in the "regular policy." Under the circumstances here, it was incumbent upon the defendant to establish the conditions and limitations of the regular policy which constituted the claimed exclusion. Broadly speaking, the burden of proving an affirmative defense in avoidance of an action on a contract for temporary insurance, like an action on an insurance policy, is upon the insurer. Where the insurer's defense is based upon an exclusionary clause in a policy, the burden is on the insurer to prove facts which bring it within the exclusion. See American Casualty Co. of Reading, Pa. v. Mitchell, 393 F. 2d 452 (8th Cir., 1968).

Here the defendant relied upon an exclusion contained in the terms of its "regular policy" and at the same time contends that the plaintiff was required to introduce in evidence not only the "binder" agreement for temporary insurance, but also the "regular policy." The burden of going forward with the evidence after the establishment of a prima facie case, was on the defendant, not the plaintiff. Under the circumstances here, sustaining the motion to dismiss was erroneous when the "regular policy" was not in evidence.

REVERSED AND REMANDED.