ROGER L. GREEN, APPELLANT, V. VILLAGE OF TERRYTOWN,
NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.
199 N. W. 2d 610
Filed July 28, 1972. No. 38545.

Lyman, Meister & Olsen, for appellant.

Wright & Simmons, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

In this action plaintiff sued the Village of Terrytown and two individual defendants alleging negligence resulting from leaving an unlighted obstruction in a street where new paving had been laid. The pleadings do not indicate the relationship existing between the village and the other two defendants. They may have been employees of the village or employees of the contractor. The court dismissed the action as to the defendant Terrytown. No appeal was taken from this judgment within the time allowed by statute. Subsequently the court dismissed the action as to the other two defendants and plaintiff seeks to appeal as to all three of the defendants. Terrytown has moved for a dismissal of the appeal as to it because it was not taken within 1 month from the order dismissing the action and overruling the motion for new trial as to Terrytown.

Nebraska does not appear to have passed directly on this proposition. The basic reasons are highlighted in 4 Am. Jur. 2d, Appeal and Error, § 48, p. 570. It is

therein stated that a paramount consideration is to be liberal in permitting appeals, but, on the other hand, that piecemeal or successive appeals are not desirable. It would appear there is a further consideration, namely that where there are multiple defendants and the action is dismissed as to one defendant, that defendant no longer has a voice in the determination of the litigation and if the remaining parties permit the litigation to drag on for months or years, he has no way of bringing an end to the litigation or ascertaining whether or not it has been finally determined as to him. This is a very important consideration in determining whether or not such an order of dismissal is a "final order."

In 4 Am. Jur. 2d, Appeal and Error, § 54, p. 576, and in 4 C. J. S., Appeal & Error, § 104 b, p. 292, the impression is conveyed that under the majority rule a dismissal or nonsuit as to one or more of several parties is not ordinarily regarded as final. Some comparatively recent cases sustaining this view and holding that the dismissal as to a codefendant is not appealable are: McDaniel v. Lovelace (Mo. App.), 392 S. W. 2d 422; Dudeck v. Ellis (Mo.), 376 S. W. 2d 197; Linkous v. Darch (Ky. App.), 299 S. W. 2d 120; Pan American Petroleum Corp. v. Texas Pac. C. & O. Co. (Tex. Civ. App.), 320 S. W. 2d 915; Bradley v. Holmes, 242 Miss. 247, 134 So. 2d 494; In re Old Colony Coal Co., 49 N. J. Super. 117, 139 A. 2d 302; Reuter v. City of Oskaloosa, 253 Iowa 768, 113 N. W. 2d 716; Wilmurth v. State, 79 Nev. 490, 387 P. 2d 251; Martin v. City of Ashland, 233 Ore. 512, 378 P. 2d 711. These cases apparently hold that an order is not final unless it disposes of *all* the issues as to *all* parties.

On the other hand, there are several cases which hold that dismissal of an action as to one party is appealable. See, Newberger v. Pokrass, 27 Wis. 2d 405, 134 N. W. 2d 495; Schneider v. Manheimer (Fla. App.), 170 So. 2d 75; Adams v. Allstate Ins. Co., 58 Wash. 2d

659, 364 P. 2d 804; Ritter v. Perma-Stone Co. (Okla), 325 P. 2d 442.

We hold that the dismissal, as to the defendant Terrytown, was a final and appealable order and that the failure to complete an appeal within the required time necessitates a dismissal of the appeal as to this defendant.

APPEAL DISMISSED AS TO DEFENDANT TERRYTOWN.