FARMERS UNION COOPERATIVE INSURANCE COMPANY,
A NEBRASKA CORPORATION, APPELLANT, V.
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,
A CORPORATION, ET AL., APPELLEES.

569 N.W.2d 436

Filed October 3, 1997.    No. S-95-1394.

Terry K. Gutierrez, of Gast, Ratz & Gutierrez, P.C., for appellant.

Stephen L. Ahl, of Wolfe, Anderson, Hurd, Luers & Ahl, for appellee Allied Property and Casualty.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CONNOLLY, J.

Renae Dale's dog, while in her vehicle, bit Tonya M. Luther, a passenger. Dale had a homeowner's policy with appellant, Farmers Union Cooperative Insurance Company. Dale also had liability coverage on the vehicle with Allied Property and Casualty Insurance Company. Farmers brought a declaratory judgment action against Allied, James and Renae Dale, and Rodney and Tonya M. Luther, seeking a determination that Allied's liability policy covered Luther's injury and that Farmers was not required to provide coverage under the homeowner's policy. The district court for Lancaster County granted Allied's motion for summary judgment, concluding that the incident was not the result of an " 'auto accident' " or an injury " 'arising out of the ownership, maintenance, [or] use . . .' " of a motor vehicle. Because we conclude there was not the required causal relationship between the use of the vehicle and the dog-bite incident for it to arise out of the ownership, maintenance, or use of the vehicle, we affirm.

## BACKGROUND

The uncontroverted evidence from the depositions introduced in the motion for summary judgment shows that this case arises from a dog bite that occurred inside a Jeep Cherokee on April 22, 1994. Dale sought to transfer ownership of her Akita dog to Luther after the dog bit a child in Dale's yard. After some discussion, arrangements were made for Dale to drive the dog to Luther's residence, a trip that took approximately 3 hours. During the trip, and at the time of the incident, Dale had the dog chained in the back of her Jeep so the dog would not lick or otherwise bother her while she was driving.

When Dale arrived at Luther's residence, Luther came out to the Jeep, spoke with Dale for a few moments, and went to the passenger-side rear door where a window was cracked open. Luther put her hand out with her palm up, and the dog sniffed and licked her palm. Luther and Dale then got into the Jeep so Dale could drive them to Luther's kennels. As Luther got into the Jeep on the passenger side, she turned toward Dale to give her directions to the kennels, spoke, and pointed in the direction of Dale, the direction in which the kennels were located. The

dog then lunged forward and bit Luther on the face, causing serious injuries.

At the time of the incident, Dale had a homeowner's policy with Farmers. The policy states it will provide coverage for personal liability incurred in an accident causing bodily injury to a person off the insured location, if the bodily injury "is caused by an animal owned by or in the care of an **insured**." The policy excludes from this coverage bodily injury arising out of "the ownership, maintenance, use, loading or unloading of motor vehicles." Dale also had an automobile policy with Allied at the time of the incident. The Allied policy states it will pay for bodily injury for which an insured is legally responsible "because of an auto accident."

Farmers brought a declaratory judgment action to determine the scope of its liability and that of Allied, and both parties filed motions for summary judgment. The district court found the incident was neither the result of an " 'auto accident' " nor an injury " 'arising out of the ownership, maintenance, [or] use . . . of [a] motor vehicle.' " Therefore, the district court found that Farmers had the duty of defense and indemnification in regard to claims filed by Luther. Farmers appeals the district court's granting of summary judgment.

## ASSIGNMENT OF ERROR

Farmers assigns as error the judgment of the district court sustaining Allied's motion for summary judgment and the denial of Farmers' motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *Dahlke v. John F. Zimmer Ins. Agency*, 252 Neb. 596, 567 N.W.2d 548 (1997); *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997); *Bowling Assocs. Ltd. v. Kerrey*, 252 Neb. 458, 562 N.W.2d 714 (1997).

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Vilcinskas v. Johnson,* 252 Neb. 292, 562 N.W.2d 57 (1997); *Brown v. American Tel. & Tel. Co.,* 252 Neb. 95, 560 N.W.2d 482 (1997); *D.K. Buskirk & Sons v. State,* 252 Neb. 84, 560 N.W.2d 462 (1997).

## ANALYSIS

The issue presented in this case is whether the dog bite that occurred in Dale's automobile arose out of the use of that vehicle. Farmers contends that its homeowner's policy does not provide coverage because it excludes coverage for incidents that arise out of the use of a vehicle. The parties discuss in their briefs the district court's ruling that Allied did not have a duty to defend because the incident did not constitute an auto accident. However, Farmers does not attempt to argue this point and makes note of the fact that whether Allied would or would not be required to provide coverage under its automobile policy is of little more than "passing interest" to Farmers. Accordingly, we do not concern ourselves with whether the incident was the result of an auto accident.

### INSURANCE POLICY CONSTRUCTION
### AND "USE" OF AUTOMOBILE

An insurance policy is to be construed as any other contract to give effect to the parties' intentions at the time the contract was made. *Katskee v. Blue Cross/Blue Shield,* 245 Neb. 808, 515 N.W.2d 645 (1994); *Dalton Buick v. Universal Underwriters Ins. Co.,* 245 Neb. 282, 512 N.W.2d 633 (1994). When the terms of the contract are clear, the court may not resort to rules of construction, and terms are accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them. *Id.* In such a case, a court shall seek to ascertain the intention of the parties from the plain language of the policy. *Id.* The burden to prove that an exclusionary clause in a policy applies rests upon the insurer. *Economy Preferred Ins. Co. v. Mass,* 242 Neb. 842, 497 N.W.2d 6 (1993); *Robinson v. State Farm Mut. Auto. Ins. Co.,* 188 Neb. 470, 197 N.W.2d 396 (1972).

The phrase "arising out of the ownership, maintenance, or use of the owned automobile" has been interpreted by this court and other jurisdictions. Generally, a causal relationship or connection must exist between an accident or injury and the ownership, maintenance, or use of a vehicle in order for an incident to fall within the meaning of the phrase "arising out of the ownership, maintenance, or use of a vehicle." *Dairyland Ins. Co. v. Esterling*, 205 Neb. 750, 290 N.W.2d 209 (1980), citing Annot., Automobile Liability Insurance: What Are Accidents or Injuries "Arising Out of the Ownership, Maintenance, or Use" of Insured Vehicle, 89 A.L.R.2d 150 (1963), superseded by Annot., 15 A.L.R.4th 10 (1982). The difficulty relates mainly to the determination of whether or not the required causal relationship was present under the facts of a particular case. *Dairyland Ins. Co. v. Esterling, supra.*

We have defined the words "arising out of the use" as " 'very broad, general, and comprehensive, terms [that] are ordinarily understood to mean originating from, growing out of, or flowing from.' " *Id.* at 754, 290 N.W.2d at 212, quoting *National Union Fire Ins. Co. v. Bruecks*, 179 Neb. 642, 139 N.W.2d 821 (1966). We also adhere to the rule that there must be some causal relationship between the injury and the use of the vehicle to come within the meaning of the phrase "arising out of the use" of a vehicle. *Id.*; *Bisgard v. Johnson*, 3 Neb. App. 198, 525 N.W.2d 225 (1994). The required causal connection is one of "but for" causation. *National Union Fire Ins. Co. v. Bruecks, supra.* See, also, *Heringlake v. State Farm Casualty*, 74 Wash. App. 179, 872 P.2d 539 (1994) (describing rule of law). Such a rule requires that the vehicle was more than the mere situs of the incident. *Id.* Our previous holding in *Bruecks* illustrates this point.

In *Bruecks*, a group of minors were returning home from a hunting trip. One of the teenagers negligently attempted to unload his rifle, and the rifle discharged, causing a bullet to seriously injure the driver of the automobile. We found no causal connection between the injury and the use of the vehicle because the allegations of negligence in the case did not premise recovery on the use of the automobile in any manner. In particular, the gun did not discharge as a result of being in the

vehicle or from any reason connected to the vehicle. Thus, the action was not premised upon any connection to the vehicle other than its being the situs of the incident.

### DOG BITES AND "USE" OF AUTOMOBILE

Farmers asserts that this court has specifically recognized that dog bites in vehicles arise out of the use of an automobile because this court in *Dairyland Ins. Co. v. Esterling, supra*, distinguished the facts of that case from two cases where dog bites were held to be causally connected with the use of a vehicle. However, the question of whether a dog bite in a vehicle arises out of the use of that vehicle was not before this court in *Esterling*. A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court. *Grammar v. Endicott Clay Products*, 252 Neb. 315, 562 N.W.2d 332 (1997); *In re Guardianship & Conservatorship of Bloomquist*, 246 Neb. 711, 523 N.W.2d 352 (1994); *Duggan v. Beermann*, 245 Neb. 907, 515 N.W.2d 788 (1994).

Although we have not been called upon to decide the issue of whether a dog bite that occurs in a vehicle arises out of the ownership, maintenance, or use of that vehicle, other courts have reached varying results. Most courts state the same rules regarding incidents arising out of the ownership, maintenance, or use of a vehicle as those followed by this court. See, e.g., *Heringlake v. State Farm Casualty, supra* (discussing rules). Cases finding that dog bites in vehicles did arise out of the use of the vehicle have done so largely due to factual differences. See, *Diehl v. Cumberland Mut. Fire Ins.*, 296 N.J. Super. 231, 686 A.2d 785 (1997); *Farmers Ins. Co. of Arizona v. Till*, 170 Ariz. 429, 825 P.2d 954 (Ariz. App. 1991); *Hartford Acc. & Indem. Co. v. Civil Service Emp. Ins. Co.*, 33 Cal. App. 3d 26, 108 Cal. Rptr. 737 (1973).

Generally, there must be some causal connection between the accident and the use of the vehicle. *Heringlake v. State Farm Casualty*, 74 Wash. App. 179, 872 P.2d 539 (1994). In cases finding that a dog bite did not arise from the use of an automobile, the common element among them is the view that something about the vehicle itself or attachments to the vehicle must

have caused the accident. See, *Century Ins v League Gen Ins*, 213 Mich. App. 114, 541 N.W.2d 272 (1995); *Sanchez v. State Farm Mut. Auto. Ins.*, 878 P.2d 31 (Colo. App. 1994); *Underwriters Guar. Ins. Co. v. Therrien*, 640 So. 2d 234 (Fla. App. 1994); *Heringlake v. State Farm Casualty, supra*; *Alvarino v. Allstate Ins. Co.*, 370 Pa. Super. 563, 537 A.2d 18 (1988); *American States Ins. Co. v. Allstate Ins. Co.*, 484 So. 2d 1363 (Fla. App. 1986). Generally, the fact that the vehicle is regularly used for transporting a dog is not enough to establish a causal connection if something about the vehicle itself did not contribute to the action of the dog biting someone. See, *Sanchez v. State Farm Mut. Auto. Ins., supra*; *Heringlake v. State Farm Casualty, supra*. Cf., *Transamerica v. Farmers Ins. Exchange*, 463 N.W.2d 641 (N.D. 1990); *National Indemnity Co. v. Corbo*, 248 So. 2d 238 (Fla. App. 1971).

We conclude there must be a causal connection between the vehicle itself or its permanent attachments and the dog bite. This rule is in accord with the cases previously decided by this court finding that there must be a causal connection between an accident and the use of a vehicle. In particular, we require that something peculiar to the vehicle itself causally contribute to the accident. *National Union Fire Ins. Co. v. Bruecks*, 179 Neb. 642, 139 N.W.2d 821 (1966). Recovery must be premised on something more than the fact that the vehicle was the location of the incident. *Id.* Accordingly, we adopt the rule that the use of a vehicle itself or its permanent attachments must bear a causal relationship to the incident.

However, Farmers contends that the necessary causal relationship is present because Dale used the vehicle to transport the dog, the dog was chained to the vehicle, the dog was viewed while chained in the vehicle, the bite occurred in the vehicle, and Dale used the same vehicle to return home after the incident. These facts show nothing more than that the vehicle was the mere situs of the incident. Farmers has not adduced any evidence to show a causal connection between the vehicle or its attachments and the accident in this case. Absent such facts, summary judgment is appropriate because no issue of material fact exists.

## CONCLUSION

Because no facts were presented to show that the dog bite in this case was causally connected to the use of the vehicle, summary judgment in favor of Allied was appropriate. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.