LEO G. DEPREZ, APPELLANT, V. CONTINENTAL WESTERN INSURANCE COMPANY, A FOREIGN CORPORATION, ET AL., APPELLEES.
584 N.W.2d 805

Filed October 9, 1998.  No. S-97-585.

Rod Rehm for appellant.

Susan I. Strong, of Plessman Law Offices, for appellee Continental Western.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

## NATURE OF CASE

Appellant, Leo G. Deprez, commenced this action against his insurer, appellee Continental Western Insurance Company (Continental Western), seeking payment under the uninsured motorists provision of his personal automobile policy. Continental Western moved for summary judgment. The trial court entered summary judgment in favor of Continental Western and found that Deprez was no longer entitled to recover damages from the uninsured motorist with whom he had collided and that he had breached his insurance policy to the prejudice and detriment of Continental Western. Deprez appeals. On our own motion, we removed the matter to this court under our authority to regulate the caseloads of the Nebraska Court of Appeals and this court. We affirm.

### BACKGROUND

On August 1, 1990, Continental Western issued a personal automobile insurance policy to Deprez. Pursuant to the uninsured motorist provisions of the policy, Continental Western was to pay Deprez up to $250,000 per person, $500,000 per accident, for bodily injuries suffered as a result of a collision with an uninsured motorist. In addition to the Continental Western policy, there was also a $50,000 policy of uninsured motorist coverage with appellee New Hampshire Insurance Company of Iowa (New Hampshire) through Deprez' employer, the Nebraska Department of Roads. Both policies were in effect on November 22, 1991, the date of Deprez' injury.

Deprez was injured in an automobile accident on Interstate 80 in Seward County, Nebraska. Deprez was driving eastbound when a westbound vehicle operated by appellee Susan Sedelmeier spun out of control, crossed the median, and struck Deprez' vehicle. Deprez was seriously injured in the accident, including permanent physical disability and impairment.

Deprez filed suit against Sedelmeier in Seward County District Court on June 19, 1992, but did not notify Continental Western of the suit. The suit was dismissed without prejudice on Deprez' motion on December 7. In January 1995, the Nebraska Workers' Compensation Court approved a settlement between Deprez and his employer in the amount of $104,000 for injuries suffered in the accident.

Deprez first notified Continental Western of the accident by a letter from his attorney dated November 29, 1995, which was more than 4 years after the accident occurred. This letter alleged that Sedelmeier was uninsured at the time of the accident, and the letter demanded payment of $250,000 under the uninsured motorist provision of Deprez' Continental Western policy. Continental Western denied the claim on the grounds that Deprez had breached the terms of the policy by failing to promptly notify Continental Western of the claim and that Continental Western had suffered prejudice as a result of the delay. On September 16, 1996, Deprez filed this action, naming as defendants Continental Western, New Hampshire, Sedelmeier, and the State of Nebraska, to protect the State's right of subrogation for medical payments and workers' com-

pensation benefits. Continental Western moved for summary judgment.

## ASSIGNMENTS OF ERROR

Deprez assigns that the trial court erred in (1) finding that Continental Western was prejudiced by the late notice of Deprez' uninsured motorist claim and (2) entering summary judgment in favor of Continental Western.

## SCOPE OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Chalupa v. Chalupa*, 254 Neb. 59, 574 N.W.2d 509 (1998).

On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Bruning v. Law Offices of Ronald J. Palagi*, 250 Neb. 677, 551 N.W.2d 266 (1996).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Chalupa v. Chalupa, supra.*

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Eiche v. Blankenau*, 253 Neb. 255, 570 N.W.2d 190 (1997).

As to questions of law, an appellate court has an obligation to reach a conclusion independent of the trial court's conclusion. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

## ANALYSIS

Deprez' assignments of error can be summarized as arguing that there was a material issue of fact as to whether Continental Western was prejudiced by the delay in notification. Because the assignments of error are interrelated, we will consider them collectively.

We begin our analysis by noting that this court has jurisdiction to hear this appeal despite the granting of summary judgment as to Continental Western only. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997); *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996). An order which effects a dismissal with respect to one of multiple defendants in an action is a final, appealable order as to the defendant dismissed. *Tess v. Lawyers Title Ins. Corp., supra*; *Green v. Village of Terrytown*, 188 Neb. 840, 199 N.W.2d 610 (1972). The district court order sustaining Continental Western's motion for summary judgment completely dismissed Continental Western from the lawsuit. Accordingly, the order was a final, appealable order, granting jurisdiction for appellate review.

Moving to the merits of Deprez' assignments of error, we begin by examining the trial court's finding that the notification to Continental Western was untimely as contemplated by the plain meaning of the insurance contract. An insurance policy is to be construed as any other contract to give effect to the parties' intentions at the time the contract was made. *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas.*, 253 Neb. 177, 569 N.W.2d 436 (1997); *Katskee v. Blue Cross/Blue Shield*, 245 Neb. 808, 515 N.W.2d 645 (1994). When the terms of the contract are clear, a court may not resort to rules of construction, and terms are given their plain and ordinary meaning as the ordinary or reasonable person would understand them. In such a case, a court shall seek to ascertain the intention of the parties from the plain language of the policy. *Farmers Union Co-op Ins. Co. v. Allied Prop. & Cas., supra*; *Katskee v. Blue Cross/Blue Shield, supra.*

The relevant portions of the contract between Deprez and Continental Western stated:

### PART E — DUTIES AFTER AN ACCIDENT OR LOSS

A. [Continental Western] must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

. . . .

**C.** A person seeking Uninsured Motorists Coverage must also:

. . . .

2. Promptly send us copies of the legal papers if a suit is brought.

. . . .

## PART F — GENERAL PROVISIONS

. . . .

### LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. . . .

. . . .

### OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

We find this language to be clear and unambiguous. Given the undisputed facts of this case, it is clear that Deprez filed a lawsuit against Sedelmeier, but did not comply with part E(C)(2) of the provisions of the policy by "[p]romptly send[ing Continental Western] copies of the legal papers if a suit is brought." Had Continental Western been sent copies of the legal papers consisting of the petition filed on June 19, 1992, Continental Western could have intervened in this suit to protect its interests, particularly with regard to the dismissal of this suit by Deprez. Failure to give timely notice is not a defense to an insurance claim unless there is evidence of collusion or it is shown that the insurer has been prejudiced in its handling of the claim. *Herman*

*Bros. v. Great West Cas. Co., ante* p. 88, 582 N.W.2d 328 (1998). We conclude that the inability of Continental Western to intervene was prejudicial as a matter of law.

As we have determined that Deprez breached part E(C)(2) of the policy, and further that said breach prejudiced Continental Western, it is not necessary to analyze the effects of Deprez' not filing suit against Continental Western until after the statute of limitations had run on the claim against the original tort-feasor, Sedelmeier. This analysis, if made, would not apply to future claims because of the passage by the Legislature of the Uninsured and Underinsured Motorist Insurance Coverage Act, Neb. Rev. Stat. §§ 44-6401 to 44-6414 (Cum. Supp. 1996). Section 44-6413 states that uninsured motorist coverage provided under the act shall not apply to injuries to an insured with respect to which the applicable statute of limitations has expired on the insured's claim against the uninsured motorist.

## CONCLUSION

The resolution of Deprez' first assignment of error is dispositive of his second. Our determination that Continental Western was prejudiced as a matter of law leaves no material issues of fact to be decided. In such circumstances, summary judgment is appropriate, and the judgment of the trial court is therefore affirmed.

AFFIRMED.

WHITE, C.J., not participating.