Eugene **KEPPLER**, Appellee,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Appellant.

No. 97–1557.

Supreme Court of Iowa.

Jan. 21, 1999.

Ted J. Wallace, Bettendorf, for appellant.

David L. Riley of Yagla, McCoy & Riley, P.L.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and TERNUS, JJ.

HARRIS, Justice.

This dispute over automobile insurance coverage focuses upon the words "due to the use of" and whether the use of the insured's automobile at the time of the injury had any causal connection to the injury. We think it

did not and therefore reverse a contrary determination by the trial court.

A dog was the culprit. Eugene Keppler, the insured, regularly took his dog with him while traveling in his van to flea markets. In 1992 a minor child entered the back of the van while it was parked at a flea market and was bitten by Keppler's dog. The parked van was not moving. The engine was not running; the keys were not even in the ignition.

Upon being sued in Illinois on behalf of the injured child, Keppler brought this action against defendant American Family Insurance Co., claiming coverage under a policy he had purchased from American Family which provided:

> We will pay compensatory damages an insured person is legally liable for because of bodily injury and property damage due to the use of a car. . . .

Without admitting coverage, American Family negotiated a settlement in the Illinois action, and paid for it. Ultimate responsibility for the payment is an issue not involved in this appeal.

The insurance coverage question was presented to the trial court on a motion and cross-motion for summary judgment. The question is before us on American Family's appeal from a trial court determination favoring Keppler's claim of coverage.

■ I. Determining the legal effect of an insurance policy is a question of law for the court. *Hollingsworth v. Schminkey*, 553 N.W.2d 591, 595 (Iowa 1996). We review a district court's ruling granting summary judgment on error. Iowa R.App. P. 4; *American Family Mut. Ins. Co. v. Allied Mut. Ins. Co.*, 562 N.W.2d 159, 163 (Iowa 1997). A summary judgment will be upheld when a moving party shows there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. *American Family*, 562 N.W.2d at 163. We give "broad, general and comprehensive" construction to coverage clauses. *Id.* at 166 (citing *Grinnell Mut. Reins. Co. v. Employers Mut. Cas. Co.*, 494 N.W.2d 690, 693 (Iowa 1993)).

■ II. We have not previously interpreted a policy using the language "due to the use of a car." We have, however, interpreted the phrase, "arising out of the . . . use of an uninsured motor vehicle." *See Hollingsworth*, 553 N.W.2d at 595. In *Hollingsworth*, we held that the term "arising out of" required some causal connection, less than proximate cause, between the injury and the vehicle. *Id.* American Family's policy should be similarly interpreted. The phrase used in the policy before us, "due to," means "because of." *Websters Third New International Dictionary* 699 (unabr. ed.1993). Thus, the requirement of a causal connection between the injury and the use of the vehicle is incorporated in the policy.

■ III. A number of courts have visited the question of auto insurance coverage for dog bites. *See Farmers Ins. Co. v. Till*, 170 Ariz. 429, 825 P.2d 954 (Ariz.App.1991) (dog's attack on pickup/camper's passenger arose out of use of vehicle); *Hartford Accident & Indem. Co. v. Civil Serv. Employees Ins. Co.*, 33 Cal.App.3d 26, 108 Cal.Rptr. 737 (1973) (dog riding in vehicle involved a use within the automobile liability policy); *Maine Mut. Fire Ins. Co. v. American Int'l. Underwriters Ins. Co.*, 677 A.2d 1073 (Me.1996) (dog bite did not arise out of "use" of motor vehicle); *Farmers Union Coop. Ins. Co. v. Allied Property & Cas. Ins. Co.*, 253 Neb. 177, 569 N.W.2d 436 (Neb.1997) (dog bite lacked "causal connection" with vehicle); *Diehl v. Cumberland Mut. Fire Ins. Co.*, 296 N.J.Super. 231, 686 A.2d 785 (N.J.1997) (dog bite arose out of use of vehicle and was within liability coverage of automobile policy); *Transamerica v. Farmers Ins. Exch.*, 463 N.W.2d 641 (N.D.1990) (vehicle policy covers pedestrian's claim after being bitten by dog in vehicle as pedestrian walked by); *Alvarino v. Allstate Ins. Co.*, 370 Pa.Super. 563, 537 A.2d 18 (Pa.1988) (dog bite did not arise from use of van and was not within coverage of motor vehicle policy); *Heringlake v. State Farm Fire & Cas. Co.*, 74 Wash.App. 179, 872 P.2d 539 (Wash.Ct.App. 1994) (dog bite did not arise out of use of pickup truck).

No clear pattern emerges from the foregoing cases however. Even so, we conclude no coverage was provided for Keppler's loss. Keppler's van had nothing to do with the biting of the child, beyond providing the site where it happened. *See Hollingsworth*, 553

N.W.2d at 595–96 ("'the mere fact that an automobile is the situs of the accident is insufficient to establish the necessary nexus between the use and the accident to warrant the conclusion that the accident arose out of such use'") (quoting with approval from 7 Am.Jur.2d *Automobiles* § 194, at 704 (1980)). Notwithstanding the broad interpretation we employ in reading coverage provisions, already mentioned, the words "due to" cannot be stretched to situations where there is no connection between the injury and a vehicle being—at least remotely—used as such. Keppler's van was not in any manner functioning as a vehicle at the time. So there was no connection between the injury and the use of a vehicle.

The case must be reversed and remanded for entry of judgment in favor of American Family, finding no coverage. This conclusion renders moot another issue regarding a claim by Keppler for attorney fees.

**REVERSED AND REMANDED.**