752 N.W.2d 155 (2008)
276 Neb. 86
Mary A. STEFFENSMEIER and Pat Steffensmeier, wife and Husband, Appellants,
v.
LE MARS MUTUAL INSURANCE COMPANY, appellee.
No. S-07-429.
Supreme Court of Nebraska.
July 11, 2008.
*157 James D. Gotschall, of Strope & Gotschall, P.C., O'Neill, for appellants.
Timothy A. Clausen, of Klass Law Firm, L.L.P., Sioux City, IA, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
This matter has its origin in an automobile accident in Norfolk, Nebraska, that occurred on February 16, 2001. In this case, Mary A. Steffensmeier and Pat Steffensmeier filed suit in the district court for Madison County to collect a claim pursuant to the underinsured motorist provisions of an automobile insurance policy issued to them by Le Mars Mutual Insurance Company (Le Mars). Le Mars denied coverage on the basis that the Steffensmeiers had failed to give Le Mars the required notice that the Steffensmeiers had filed an earlier suit against the other motorist. The earlier suit resulted in a judgment against the other motorist which exceeded the limits of the tort-feasor's policy, thereby implicating the underinsured provisions of the policy issued by Le Mars to the Steffensmeiers. In the present case, the district court granted Le Mars' motion for summary judgment and dismissed the Steffensmeiers' complaint. The Steffensmeiers appeal and claim that there were genuine issues of material fact regarding whether they gave reasonable notice of their earlier lawsuit and whether Le Mars was prejudiced by any failure on the part of the Steffensmeiers to give the required notice. We conclude that the *158 pleadings and evidence disclose no genuine issue of material fact and that Le Mars was entitled to judgment as a matter of law. We affirm.

STATEMENT OF FACTS
Mary Steffensmeier was involved in an automobile accident in which her vehicle was struck by a vehicle driven by Dustin Graham on February 16, 2001. Graham had an automobile insurance policy with Allstate Insurance Company (Allstate) that had a liability limit of $50,000 per person. The Steffensmeiers had an automobile insurance policy with Le Mars that included underinsured motorist coverage of $100,000 per person. The Steffensmeiers notified Le Mars of the accident. After contacting an Allstate representative and being advised that Graham's policy limits were adequate to cover the Steffensmeiers' claim, a Le Mars claims representative determined that the Steffensmeiers would not have a claim for underinsured motorist coverage.
The Steffensmeiers filed a suit against Graham on September 9, 2004. The Steffensmeiers did not give Le Mars notice that they had filed suit against Graham. The Steffensmeiers' case against Graham went to trial. On February 21, 2006, the court entered judgment based on a jury verdict in favor of Mary Steffensmeier in the amount of $175,000. Allstate subsequently paid the $50,000 limit of Graham's policy plus interest and court costs.
Because the $50,000 payment from Allstate fell short of the $175,000 judgment, on March 8, 2006, the Steffensmeiers made demand on Le Mars for the $100,000 limit of the underinsured motorist coverage in the Le Mars policy. On March 30, Le Mars denied the claim on the basis that contrary to the policy, the Steffensmeiers had failed to give Le Mars notice that they had filed the earlier suit against Graham. Le Mars relied on provisions of the policy that required the insured to give reasonable notice of the pendency of a suit and to promptly send Le Mars copies of legal papers if suit was brought.
The Steffensmeiers filed the present action against Le Mars seeking a judgment of $100,000 plus interest and costs. The Steffensmeiers admitted that they gave no written notice to Le Mars until after the verdict was rendered and judgment was entered, but they asserted that such failure "was in no way prejudicial" to Le Mars and was therefore not a valid reason to deny coverage. Le Mars answered and alleged as an affirmative defense that the Steffensmeiers had failed to provide reasonable notice of the suit as required under the policy and that Le Mars did not have a reasonable opportunity to protect its interests in the action against Graham. In their reply to Le Mars' answer, the Steffensmeiers asserted that they did not have a duty to notify Le Mars at the time they filed the suit against Graham because they did not know this earlier suit would result in a judgment in excess of Graham's $50,000 coverage limits until after the jury returned its verdict and that they promptly gave notice to Le Mars after the judgment was entered. In this regard, the evidence showed that the Steffensmeiers had made a settlement demand of $80,000 from Allstate prior to trial and that during trial, they asked the jury to award more than $50,000 in damages.
The district court sustained Le Mars' motion for summary judgment. The court noted that there was no dispute that the Steffensmeiers failed to provide notice that they had filed suit against Graham. The court cited Deprez v. Continental Western Ins. Co., 255 Neb. 381, 584 N.W.2d 805 (1998), and Laravie v. Battle Creek Mut. Ins. Co., No. A-04-909, 2005 WL 2007200 (Neb.App. Aug. 23, 2005) (not designated for permanent publication), for the proposition *159 that under policy language similar to that in the present case, an insurance company is deemed to have been prejudiced as a matter of law when a policy holder fails to notify the insurance company that the policy holder has filed a lawsuit. The court therefore concluded that Le Mars was entitled to judgment as a matter of law and dismissed the Steffensmeiers' action.
The Steffensmeiers appeal.

ASSIGNMENTS OF ERROR
The Steffensmeiers generally assert that the district court erred in sustaining Le Mars' motion for summary judgment. They specifically argue that there were genuine issues of material fact as to whether their duty to provide notice to Le Mars was triggered before the verdict was returned in their suit against Graham, whether Le Mars was actually prejudiced by their failure to give notice, and whether Le Mars had actual notice of the Steffensmeiers' claim against Graham.

STANDARDS OF REVIEW
Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. See Hofferber v. City of Hastings, 275 Neb. 503, 747 N.W.2d 389 (2008). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. Id.
The meaning of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the lower court. Alsobrook v. Jim Earp Chrysler-Plymouth, 274 Neb. 374, 740 N.W.2d 785 (2007).

ANALYSIS
The Steffensmeiers generally assert that summary judgment was not proper in this case because there were genuine issues of material fact and Le Mars was not entitled to judgment as a matter of law. There appears to be no dispute of fact that the Steffensmeiers filed suit against Graham on September 9, 2004, that the Steffensmeiers' case against Graham went to trial, that the court in the Steffensmeiers' case against Graham entered judgment in Mary Steffensmeier's favor in the amount of $175,000 on February 21, 2006, and that the Steffensmeiers did not give Le Mars notice of the suit against Graham until March 8, when they made demand on Le Mars for underinsured motorist coverage. Instead, the Steffensmeiers argue that there were genuine issues of material fact regarding (1) whether they gave reasonable notice to Le Mars that they had filed suit against Graham and (2) whether Le Mars was prejudiced by any failure to give reasonable notice.
We must therefore review the pleadings and evidence regarding reasonable notice and prejudice. Based on such review, we conclude that the Steffensmeiers failed to give the notice required under the policy, that Le Mars was prejudiced by such failure, that there were no genuine issues of material fact related to such issues, that Le Mars was entitled to judgment as a matter of law, and that the district court did not err in granting summary judgment in favor of Le Mars.

The Steffensmeiers Failed to Give Notice of Their Suit Against Graham as Required Under the Policy Issued by Le Mars.
The Steffensmeiers assert that there were genuine issues of material fact *160 regarding whether they gave Le Mars reasonable notice of their suit against Graham. In denying the Steffensmeiers' claim for underinsured motorist coverage, Le Mars relied on a provision of the policy that stated:
No judgment for damages arising out of a suit brought against the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" is binding on us unless we:
1. Received reasonable notice of the pendency of the suit resulting in the judgment; and
2. Had a reasonable opportunity to protect our interests in the suit.
Le Mars further relied on a provision that stated that "[a] person seeking Underinsured Motorists Coverage must also promptly . . . [s]end us copies of the legal papers if suit is brought."
The Steffensmeiers argue that the policy required them to give only "reasonable notice" of the lawsuit and that the notice they gave was reasonable. They assert that they did not need to give notice to Le Mars until after they knew they had a claim for underinsured motorist coverage and that they did not know they had such claim until they knew the amount of their judgment against Graham exceeded the limits of Graham's insurance policy. They argue that they gave notice to Le Mars promptly after they learned the judgment of $175,000 exceeded the $50,000 limit of Graham's policy.
We look to the language of the policy to determine what notice was required under the policy. In appellate review of an insurance policy, the court construes the policy as any other contract to give effect to the parties' intentions at the time the writing was made. Alsobrook v. Jim Earp Chrysler-Plymouth, 274 Neb. 374, 740 N.W.2d 785 (2007). Where the terms of a contract are clear, they are to be accorded their plain and ordinary meaning. Id. The policy required the Steffensmeiers to give "reasonable notice of the pendency of the suit" and to promptly send copies of legal papers if suit were brought.
The Steffensmeiers argue that there is an issue of fact as to whether the notice they gave was "reasonable." They claim that reasonable persons would not have given notice of a claim for underinsured motorist coverage until after they knew with certainty that they had such a claim. To the contrary, with respect to the underinsured feature of the policy, the policy requires reasonable notice not of a claim for underinsured motorist coverage but of "notice of the pendency of the suit resulting in the judgment." The policy defines what notice is reasonable where it provides that Le Mars must be given "a reasonable opportunity to protect [its] interests in the suit" and where it further provides that the insured must "promptly" send Le Mars "copies of the legal papers if suit is brought." The notice provisions of the policy taken together therefore indicate that the required reasonable notice is prompt notice of the pendency of the suit, if suit is brought, prior to judgment and notice that gives the insurer the opportunity to protect its interests in the suit.
Because the policy required the Steffensmeiers to promptly send legal papers if suit is brought prior to judgment rather than notice that the Steffensmeiers had a matured underinsured motorist claim, we reject the Steffensmeiers' argument that they did not need to give notice until after they knew that their judgment against Graham exceeded the limits of Graham's policy. See, also, Matter of Preferred Mut. Ins. Co., 199 A.D.2d 719, 605 N.Y.S.2d 450 (1993) (rejecting argument that notice requirement was not triggered until insured became aware that other driver's liability coverage was to be exhausted).
*161 Although the parties on appeal rely primarily on policy language, for completeness we refer to the Uninsured and Underinsured Motorist Insurance Coverage Act, Neb.Rev.Stat. §§ 44-6401 to 44-6414 (Reissue 2004), and observe that the notice provisions at issue in this case appear to be within the parameters of the act. In this respect, we note that § 44-6413(l)(a) provides in part that the "uninsured and underinsured motorist coverages provided" in the act "shall not apply to [damages] with respect to which the insured or his or her representative makes, without the written consent of the insurer, any settlement with or obtains any judgment against any person who may be legally liable for any injuries." Because the act effectively allows an insurer to require its written consent before the insured obtains any judgment against another motorist, it appears that a policy which requires notice of the pendency of a suit would be consistent with the act and that underinsured coverage does not apply in the absence of the written consent of the insurer.
In the present case, because Le Mars did not learn of the suit until after a judgment had been obtained, it is clear that the notice given by the Steffensmeiers was not "prompt" notice they had filed suit and that such notice did not give Le Mars the opportunity to protect its interests in the suit. The Steffensmeiers did not give notice that was reasonable under the policy, and we reject the Steffensmeiers' argument that there was a genuine issue of material fact regarding whether they gave reasonable notice of the suit against Graham.

Le Mars Was Prejudiced by the Steffensmeiers' Failure to Give Reasonable Notice Because Le Mars Was Denied the Opportunity to Protect Its Interests in the Suit Against Graham.
The Steffensmeiers further argue that even if they failed to give the required notice, there remains a genuine issue of material fact as to whether Le Mars was prejudiced by such failure. The policy provides that "[n]o judgment for damages arising out of a suit brought against . . . an . . . `underinsured motor vehicle' is binding on [Le Mars] unless [Le Mars] [h]ad a reasonable opportunity to protect [its] interests in the suit." With respect to notice, we have held that "[f]ailure to give timely notice is not a defense to an insurance claim unless there is evidence of collusion or it is shown that the insurer has been prejudiced in its handling of the claim." Deprez v. Continental Western Ins. Co., 255 Neb. 381, 386, 584 N.W.2d 805, 809 (1998). Given the foregoing, Le Mars would not be entitled to summary judgment in the present case unless Le Mars was prejudiced by the Steffensmeiers' failure to give the notice required under the policy.
In the context of a liability insurance claim, we have said that prejudice from an unreasonable and unexcused delay in giving notice of a claim "is established by examining whether the insurer received notice in time to meaningfully protect its interests." Dutton-Lainson Co. v. Continental Ins. Co., 271 Neb. 810, 828, 716 N.W.2d 87, 102 (2006). In Deprez, supra, which was an uninsured motorist case, we concluded that "the inability of [the insurer] to intervene was prejudicial as a matter of law." 255 Neb. at 387, 584 N.W.2d at 809.
We similarly conclude in the present case that Le Mars was prejudiced as a matter of law because it was not given notice of the suit against Graham in time for it to intervene in the suit and did not have a reasonable opportunity to protect its interests. We have held that an insurer *162 providing uninsured motorist coverage "may intervene in an action between its insured and the uninsured tort-feasor in order to protect itself on the issues of liability and damages arising under the uninsured motorist's provisions of its insurance policy." Heisner v. Jones, 184 Neb. 602, 611, 169 N.W.2d 606, 611-12 (1969). See, also, Eich v. State Farm Mut. Automobile Ins. Co., 208 Neb. 714, 305 N.W.2d 621 (1981) (interest of insurer on damages issue may properly be protected by insurer's intervention in action against tortfeasor), overruled on other grounds, Lane v. State Farm Mut. Automobile Ins. Co., 209 Neb. 396, 308 N.W.2d 503 (1981), and Kracl v. Aetna Cas. & Surety Co., 220 Neb. 869, 374 N.W.2d 40 (1985). The reasoning in Heisner applies equally to an underinsured circumstance.
We have recognized that intervention by an insurer in a suit between its insured and the tort-feasor who is arguably insufficiently covered places the insurer in "an inconvenient position," Heisner, 184 Neb. at 611, 169 N.W.2d at 612. Nevertheless, under the policy and our jurisprudence, Le Mars, upon reasonable notice, could have intervened in the action between the Steffensmeiers and Graham in order to protect itself on the issues of liability and damages relative to the underinsured motorist provisions of the insurance policy Le Mars issued to the Steffensmeiers. However, because the Steffensmeiers failed to give Le Mars reasonable notice of the suit as required under the policy, Le Mars did not learn of the suit until after a judgment had been entered which exceeded the tort-feasor's policy limits. Le Mars therefore did not have the opportunity to intervene in the Steffensmeiers' case against Graham in order to protect its interests and was prejudiced as a matter of law.
The Steffensmeiers argue that Le Mars had actual notice because the Steffensmeiers notified Le Mars of the accident shortly after it occurred. We reject this argument. The notice required by the policy relative to Le Mars' underinsured obligations was notice of the suit, not notice of the accident, and it has been held that notice of an accident does not give notice that a suit has been or will be filed. See Beck v. Farmers Ins. Co. of WA., 113 Wash.App. 217, 53 P.3d 74 (2002) (knowledge of facts of accident did not give notice of suit and did not give insurer information necessary to determine how it might protect its interests in suit). In the present case, notice of the accident did not serve as "notice of the pendency of the suit resulting in the judgment" as required by the policy.
Because Le Mars was denied the opportunity to intervene to protect its interests in the suit against Graham, it was prejudiced as a matter of law by the failure to give notice. There is no genuine issue of material fact with regard to prejudice to Le Mars in this matter.

CONCLUSION
We conclude that the pleadings and evidence in this case establish that the Steffensmeiers failed to give reasonable notice of the suit against Graham as required by the policy and that Le Mars was prejudiced by such failure. There was no genuine issue of material fact with respect to either matter. Le Mars was entitled to judgment as a matter of law. We therefore affirm the district court's order granting summary judgment in favor of Le Mars and dismissing the complaint.
AFFIRMED.
McCORMACK, J., participating on briefs.