# IN THE COURT OF APPEALS OF IOWA

No. 3-1103 / 13-0434
Filed February 5, 2014

CHRYSTAL GRAMS, Individually and as
Next Friend to ASHLYNN GRAMS,
    Plaintiff-Appellant,

vs.

IMT INSURANCE COMPANY, and CHRISTINA
TEGTMEIER,
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.

A plaintiff contends the court erred in concluding a business exclusion

contained within a daycare provider's homeowner's policy was applicable in this

case in connection with injuries her daughter received when she was bitten by

her daycare provider's dog. **AFFIRMED.**

John W. Hoffmeyer III, Oelwein, for appellant.

Brian L. Yung and T. Cody Farrens of Klass Law Firm, L.L.P., Sioux City,

for appellees.

Heard by Danilson, C.J., and Vaitheswaran and Mullins, JJ., but decided

by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

Christina Tegtmeier operated a daycare business in her home. One day, her dog bit a child under her care, leaving a scar on the child's face.[1]

The child's mother filed suit against Tegtmeier's insurer, IMT Insurance, seeking a declaration that the policy covered the injury. Both sides filed motions for summary judgment. The district court granted IMT's motion after concluding that a "business exclusion" precluded coverage. The mother appealed.

The relevant policy provision states coverage does not apply to:

> "Bodily injury" or "property damage" arising out of or in connection with a "business" conducted from an "insured location" or engaged in by an "insured", whether or not the "business is owned or operated by an "insured" or employs an "insured".

The policy continues:

> This Exclusion E.2. applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business".

There is no question that Tegtmeier's daycare operation was a business; an endorsement to the policy confirmed that fact, stating, "If an 'insured' regularly provides home day care services to a person or persons other than 'insureds' as their trade, profession or occupation, that service is a 'business.'" The only question is whether the child's injury arose "out of or in connection with" the business. The child's mother argues the language "excludes only liability arising out of business activities" and "[t]he ownership of a dog is not a business

---

[1] While the parties agree for the purposes of this summary judgment record that the child sustained injuries when she was bitten by the dog, there is some disagreement as to the cause of any injuries to the child.

activity." IMT counters that "this loss would not have occurred but for the operation of the daycare on the premises."

"Arising out of" has been construed to mean "originating from, having its origins in, growing out of, or flowing from." *Farm Bureau Life Ins. Co. v. Holmes Murphy & Assocs., Inc.*, 831 N.W.2d 129, 134 (Iowa 2013) (quotation marks and citation omitted); *see also Keppler v. Am. Family Mut. Ins. Co.,* 588 N.W.2d 105, 106 (Iowa 1999) ("[T]he term 'arising out of' required some causal connection, less than proximate cause, between the injury and the vehicle."). "In connection with" is commonly defined as "related to, linked to, or associated with," and is broader than the phrase "arising out of." *See State ex rel. Miller v. Cutty's Des Moines Camping Club, Inc.*, 694 N.W.2d 518, 526 (Iowa 2005) (quotation marks and citation omitted).

The child's injury flowed from her presence at Tegtmeier's daycare center, and the injury was associated with that center. Accordingly, we conclude as a matter of law that the business exclusion applied. *See* Iowa R. Civ. P. 1.981(3) (stating summary judgment is appropriate when there are "no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law").

In reaching this conclusion, we have considered the mother's assertion that a dog-bite statute militates in favor of reversal. *See* Iowa Code § 351.28 (2011). The pertinent provision states:

> The owner of a dog shall be liable to an injured party for all damages done by the dog, when the dog is caught in the action of worrying, maiming, or killing a domestic animal, or the dog is attacking or attempting to bite a person, except when the party damaged is doing an unlawful act, directly contributing to the injury.

*Id.* This provision addresses the liability of dog owners. It has no bearing on the liability of an insurer, which is governed by the policy language.

Also inapposite are two opinions cited by the mother. *See Keppler.*, 588 N.W.2d at 106; *Moncivais v. Farm Bureau Mut. Ins. Co.*, 430 N.W.2d 438, 439 (Iowa 1988). In *Moncivais*, the insurance policy contained an exception to the business exclusion for activities "which are ordinarily incident to non-business pursuits." 430 N.W.2d at 439. That language is not present in IMT's policy. In *Keppler*, a child was bitten by a dog in a car. 588 N.W.2d at 106. The court concluded a policy that provided coverage for injuries "due to the use of a car" did not provide coverage for the dog bite because the "van had nothing to do with the biting of the child, beyond providing the site where it happened." *Id.* Tegtmeier's home had everything to do with the biting of the child; the child would not have been at the home absent Tegtmeier's operation of a daycare business, a business that was expressly excluded from the coverage provisions of the policy.

We affirm the district court's grant of summary judgment in favor of IMT Insurance.

**AFFIRMED.**