585 P.2d 240

**MISSION INSURANCE COMPANY, a corporation, Appellant,**

v.

**AID INSURANCE SERVICES, Appellee.**

**No. 13592.**

Supreme Court of Arizona,
In Division.

Sept. 14, 1978.

Rehearing Denied Oct. 11, 1978.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Henry L. Timmerman, Phoenix, for appellant.

Lewis & Roca by D. W. Grainger, Paul G. Ulrich, Phoenix, for appellee.

CAMERON, Chief Justice.

This is an appeal by plaintiff-appellant Mission Insurance Company ("Mission") from an order granting a motion for summary judgment in favor of the defendant-appellee Aid Insurance Services ("Aid"). We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We must answer only one question on appeal: Was the policy exclusion in the Aid policy contrary to Arizona's financial responsibility law, A.R.S. § 28–1170(B)(2)?

The facts necessary for a determination of this matter are not in dispute. On 6 August 1975, Lloyd A. Dennis, an employee of Aid's insured, Sahuaro Petroleum and Asphalt Co., Inc., drove his employer's truck loaded with hot oil to the premises of Mission's insured, W. R. Skousen Contractor, Inc. During the unloading into Skousen's oil storage tank, a Skousen employee negligently closed a valve on the storage tank, allowing hot oil to be sprayed on Dennis and seriously injuring him. Dennis sued Skousen on the basis of the negligence of its employee. Mission assumed the defense of Skousen in the negligence action, but brought a declaratory judgment action against Aid as insurer of the truck. Mission contends that since a restriction in Aid's policy is void under Arizona's Uniform Vehicle Safety Responsibility Act, 9A A.R.S. § 28–1101 et seq., Skousen and its employee are covered by the omnibus clause of the Aid policy. Both parties agree that, based on their policies, if Aid is liable, Aid must contribute on an equal basis with Mission to the defense of the action up to the $15,000 statutory minimum provided by A.R.S. § 28–1170(B)(2)(a). See *Arceneaux v. State Farm Mutual Automobile Insurance Co.,* 113 Ariz. 216, 550 P.2d 87 (1976); A.R.S. § 28–1170(G).

There is no doubt that the Aid policy provided coverage for the "loading and unloading" of the truck. However, the persons insured against liability for accidents occurring during loading and unloading were restricted by the following provision in the Aid policy:

"Each of the following is an insured under this insurance to the extent set forth below:

\*    \*    \*    \*    \*    \*

"(c) Any other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, *but with respect to bodily injury or property damage arising out of the loading or unloading thereof, such other person shall be an insured only if he is:* (1) A lessee or borrower of the automobile, or (2) *An employee of the named insured or of such lessee or borrower."* (Emphasis added)

Since neither Skousen nor his employee was a lessee or borrower of the vehicle or an employee of the named insured, the Aid policy excluded Skousen's employee as an insured under its policy. A.R.S. § 28–1170(B)(2), however, provides:

"B. The owner's policy of liability insurance must comply with the following requirements:

\*    \*    \*    \*    \*    \*

"2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles \*    \*    \*."

The question then is whether the words "using" and "use" in the statute include loading and unloading of a vehicle. If so, the Aid policy would be void as in conflict with the coverage mandated by A.R.S. § 28–1170(B)(2) of the Safety Responsibility Act. *Jenkins v. Mayflower,* 93 Ariz. 287, 380 P.2d 145 (1963).

This court has held, in construing a similar clause in an insurance policy, that a person engaged in loading an insured pickup truck was a "user" of the truck within the terms of the omnibus clause of the policy because the term "use" includes the concept of loading and unloading. *State Farm Mutual Insurance Company v. Transport Indemnity Company,* 109 Ariz. 56, 505 P.2d 227 (1973).

In construing similar statutes, other jurisdictions have defined "use of a motor vehicle" as including the loading and unloading of a vehicle:

"From the cases referred to by the parties, and others to which they lead, the following rules may be distilled. The term 'using' encompasses 'loading or unloading' even though the latter phrase is not included in the statute. (citations omitted) Where a policy refers to 'loading and unloading' this state follows the 'complete operation rule' and ' "unloading" is regarded as embracing all the operations which are required in any specific situation to effect a completed delivery of the article. For practical purposes, this doctrine makes no distinction between "unloading" and "delivery".' (citations omitted)" *California Steel Buildings, Inc. v. Transport Indemnity Co.,* 242 Cal.App.2d 749, 753, 51 Cal.Rptr. 797, 801 (1966).

In the instant case, although the Skousen employee was not in physical contact with the truck when he negligently closed the shutoff valve and caused the accident, the operation of such valves was an integral part of the unloading process.

Aid contends, however, that a broad construction of the term "use" is not in accord with the Act's underlying purpose which is to protect the public from being left uncompensated as a result of highway accidents. This contention is based in part upon this court's repeated statements that the purpose behind our Safety Responsibility Act is to protect "[t]he public using the highways * * * from financial hardship resulting from the use of automobiles by financially irresponsible persons." *Farmers Ins. Group v. Home Ind. Co.,* 108 Ariz. 126, 128, 493 P.2d 909, 911 (1972).

■ Aid's view would ignore the broader intent of the Act which requires coverage not merely from operation of the vehicle upon the highway, but from "the ownership, maintenance or use of the motor vehicle." A.R.S. § 28–1170(B)(2). A purpose of the Act was to prevent persons injured by the use of a motor vehicle, whether in highway driving or otherwise, from being left uncompensated because of restrictive clauses in the policy insuring the vehicle. Aid points out, however, that we have previously construed the phrase "use, including loading and unloading," as it appeared in an insurance policy, as "expanding the coverage intended by 'use' or 'using'." *Morari v. Atlantic Mutual Fire Insurance Company,* 105 Ariz. 537, 538, 468 P.2d 564, 565 (1970). We did not, however, mean to imply that the term "use," standing alone, could not encompass loading and unloading. By no means did we mean an additional modifying phrase "including loading or unloading" was necessary in order to include loading and unloading operations within the term "use." We hold that the word "use" (as it appears in A.R.S. § 28–1170[B][2]) includes the loading and unloading of an insured vehicle.

■ We therefore hold that the exclusionary language of the Aid policy restricting coverage of loading and unloading accidents to the two narrow categories of insureds is in violation of A.R.S. § 28–1170(B)(2) of our Safety Responsibility Act which requires that coverage be extended to "any other person * * * using the motor vehicle * * * for damages arising out of the * * * use of the motor vehicle," and is thus void and unenforceable.

Reversed and remanded.

HAYS and HOLOHAN, JJ., concur.