**ALLSTATE INSURANCE COMPANY,**
Plaintiff–Appellee,

v.

**Alan W. BUFFO, husband; Reyna Buffo, wife, Defendants, and Leevon Motes; Michael Motes, minor; Arijana Motes, minor; Erika Ruiz, Defendants–Appellants.**

No. 04–17390.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2006.

Filed Feb. 16, 2007.

Stephen E. Kimble, Grabb & Durando, Tucson, AZ, for Plaintiff–Appellee.

Daryl A. Audilett, Esq., Kimble Nelson & Audilett, PC, Louis Hollingsworth, Esq, Hollingsworth Law Firm a Professional Corporation, Tucson, AZ, for Defendants–Appellants.

Before: TASHIMA and McKEOWN, Circuit Judges, and CARTER *, District Judge.

## MEMORANDUM **

Defendants–Appellants Leevon Motes, Michael Motes, Arijana Motes, and Erika Ruiz ("appellants") appeal the denial of their motion for summary judgment and the grant of summary judgment in favor of plaintiff-appellee Allstate Insurance Company ("Allstate"). Alan Buffo held a comprehensive personal liability policy (commonly referred to as a "homeowners policy") issued by Allstate. The policy, however, contained an "automobile exclusion." While babysitting Arijana and Michael Motes, the Buffos were involved in an automobile accident in which Arijana and Michael were severely injured. Appellants sued the Buffos for negligence in Arizona state court. Allstate then brought this declaratory relief action against appellants and the Buffos. The district court held that the policy's automobile exclusion applied to the accident. Appellants appealed. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2201, and 2202, and we affirm.

A district court's decision on cross-motions for summary judgment is reviewed de novo. *See Arakaki v. Hawaii,* 314 F.3d 1091, 1094 (9th Cir.2002). Our review is governed by the same standard used by the district court under Federal Rule of Civil Procedure 56(c). *See Suzuki Motor Corp. v. Consumers Union, Inc.,* 330 F.3d 1110, 1131 (9th Cir.2003). Viewing the evidence in the light most favorable to the

---

* The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See* Fed.R.Civ.P. 56(c); *Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001).

Interpretation of an insurance contract is a question of law.[1] *See Liristis v. Am. Family Mut. Ins. Co.,* 204 Ariz. 140, 61 P.3d 22, 25 (Ariz.Ct.App.2002). As the insurer, Allstate bears the burden of proving that a loss falls within a policy exclusion. *See Hartford Accident & Indem. Co. v. Villasenor,* 21 Ariz.App. 206, 517 P.2d 1099, 1102 (1974).

Under Arizona law, an automobile exclusion does not apply if multiple acts of negligence cause injury and at least one of such acts is not auto-related. *See Scottsdale Ins. Co. v. Van Nguyen,* 158 Ariz. 476, 763 P.2d 540, 541–42 (1988). Here, appellants contend that two acts of negligence caused injury: Alan Buffo's driving and the Buffos' failure to secure Arijana and Michael in their car seats. Because Alan Buffo's driving is clearly auto-related, the dispositive issue is whether the failure to secure the children in their car seats is also auto-related.

If an injury "arises out of" the use of a vehicle, it is considered auto-related under standard homeowner or business liability exclusions and automobile coverage provisions. *See, e.g., Benevides v. Ariz. Prop. & Cas. Ins. Guar. Fund,* 184 Ariz. 610, 911 P.2d 616, 617 (Ariz.Ct.App.1995). For an injury to "arise out of" the use of a vehicle, there must be a causal connection between the injury-producing event and the vehicle's particular use at the time of injury. *See Morari v. Atl. Mut. Fire Ins. Co.,* 105 Ariz. 537, 468 P.2d 564, 566–67 (1970) (unloading of gun from truck-camper and its

consequent discharge were sufficiently connected with vehicle's use for hunting such that shooting arose from use of vehicle); *Farmers Ins. Co. v. Till,* 170 Ariz. 429, 825 P.2d 954, 956–57 (Ariz.Ct.App. 1991) (because truck with interior glass separator window between cab and bed was designed safely to separate passengers and cargo, the policyholder's negligent securing of glass separator window, which allowed dog to enter cab and bite victim, constituted policyholder's "use" of the vehicle).

We conclude that the Buffos' negligence in securing the children arose from the use of the car. Their car, like other cars, was designed to transport passengers and cargo. There is no dispute that the car's "use" on the day of the accident was to transport the adults and the children. The Buffos were using the car for this purpose when they breached their duty to Arijana and Michael by failing safely to secure the children. The Buffos' negligence in securing the children in the car is sufficiently connected with the car's purpose of transport on that day to bring it under the policy's automobile exclusion.

Moreover, the Buffos' policy clearly excludes injury that arises from negligence during loading or unloading. It was during this time that the Buffos should have— and did not—buckle the children safely and effectively. *Accord Allstate Ins. Co. v. Powers,* 190 Ariz. 432, 949 P.2d 521, 523– 24 (Ariz.Ct.App.1997) (finding that injury resulting from a weapon that discharged shortly after being loaded into a hunter's truck arose from the use of the truck in transporting hunters and their gear); *Till,* 825 P.2d at 956–57 (noting that "use" includes loading and unloading).

---

1. In this action based on diversity of citizenship, we apply Arizona law. *See Gasperini v.*  *Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996).

Although appellants rely heavily on *Van Nguyen*, it is distinguishable from the instant facts. In that case, Van Nguyen used the vehicle to tow a house being moved. However, his negligent acts and decisions began well before he hitched the vehicle to the house or commenced towing the house. *See Van Nguyen*, 763 P.2d at 541. Specifically, Van Nguyen failed to make any arrangements with the power company to move or deflect power lines in the areas through which he planned to pass. *Id.* He elected to move a house that exceeded the permissible size, and improperly loaded the house onto too few dollies for its size and weight. *Id.* Each of these decisions rendered the house extremely hazardous well before Van Nguyen began driving the vehicle. Here, in contrast, the Buffos placed the children in the car immediately before setting out on their journey.

Appellants contend that the injury may only arise out of an activity such as loading or unloading of the vehicle when the negligent act occurs at the precise moment of the injury. Such a restriction, however, is found nowhere in the language of the policy exclusion itself, nor has an Arizona court ever construed the language in that manner.

Appellants also argue that *Morari* and other related out-of-state cases upon which by the district court relied are irrelevant because they do not address situations of concurrent negligence. Instead, they direct the panel exclusively to *Van Nguyen* and the out-of-state cases upon which it relies. Appellants, however, cannot prevail simply by alleging acts of concurrent negligence. At least one of the acts must be covered by the Buffos' policy. *Morari* and other cases discussing what it means

for an injury to arise out of the use of a vehicle provide the relevant definitions to determine whether the injury in this case is auto-related.

Appellants have not alleged any negligence on the part of the Buffos that does not arise out of their use of their car. The Buffos' homeowners policy, however, does not cover injuries sustained as a result of such negligence. Accordingly, the district court's grant of summary judgment is **AFFIRMED**.