IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 18 2011

COURT OF APPEALS

| | | |
|---|---|---|
| JOAQUIN CHAVEZ and ELVIRA CHAVEZ, as husband and wife in their capacity as the parents of JOAQUIN CHAVEZ, a minor; SANTIAGO VALLE AND YOLBA VALLE, as husband and wife in their capacity as the parents of YURIEL VALLE, a minor, | ) ) ) ) ) ) ) ) ) | 2 CA-CV 2010-0112 DEPARTMENT A  O P I N I O N |
| Plaintiffs/Appellants/Cross-Appellees, | ) ) | |
| v. | ) ) | |
| ARIZONA SCHOOL RISK RETENTION TRUST, INC., an Arizona corporation, | ) ) ) | |
| Defendant/Appellee/Cross-Appellant. | ) ) ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20088353

Honorable Stephen C. Villarreal, Judge

REVERSED AND REMANDED

Barassi, Curl & Abraham, P.L.C.
  By David L. Curl and Katrina M. Conway

Tucson
Attorneys for Plaintiffs/Appellants/
Cross-Appellees

Holm Wright Hyde & Hays PLC
  By Alan K. Hyde and J. Thomas Allen

Phoenix
Attorneys for Defendant/Appellee/
Cross-Appellant

H O W A R D, Chief Judge.

¶1　　　　Appellants Elvira and Joaquin Chavez, on behalf of their minor son, and Yolba and Santiago Valle, on behalf of their minor son, challenge the trial court's grant of summary judgment in favor of appellee Arizona School Risk Retention Trust, Inc. ("the Trust") in their action seeking judicial determination of their children's status as insured parties under the underinsured motorist provision of a motor vehicle liability policy provided by the Trust. Appellants argue here that both Arizona law and the insurance policy require that the children be insured and, therefore, entitled to recovery. For the following reasons, we reverse and remand.

## Factual and Procedural Background

¶2　　　　We view the facts and reasonable inferences from those facts in the light most favorable to the party against whom summary judgment was granted. *Andrews v. Blake*, 205 Ariz. 236, ¶ 12, 69 P.3d 7, 11 (2003). But most of the facts here are undisputed. Appellants' minor children, students in the Marana Unified School District, were waiting in line to board one of its school buses when a vehicle came from behind the bus, colliding with the bus and then the students. The school district is insured with the Trust for automobile liability insurance, which includes an underinsured motorist ("UIM") provision. The Trust denied that the students were insured under the UIM provision. Appellants sued the Trust. Both parties moved for summary judgment, and the trial court ultimately granted the Trust's motion. This appeal followed.[1]

---

[1]The Trust filed a notice of cross-appeal challenging the trial court's denial of attorney fees, but it stated in its brief that it was abandoning this challenge.

**Discussion**

¶3        Appellants contend they are entitled to UIM benefits under Arizona law. They assert that because the students were using the bus with permission, as described in A.R.S. § 28-4009(A)(2), they were insured for purposes of liability and entitled to UIM benefits according to A.R.S. § 20-259.01(B). We review de novo a grant of summary judgment. *Valder Law Offices v. Keenan Law Firm*, 212 Ariz. 244, ¶ 14, 129 P.3d 966, 971 (App. 2006).

¶4        Section 20-259.01(B) requires an insurer for automobile or motor vehicle liability to offer UIM coverage to "all persons insured under the policy." Under § 28-4009(A)(2) a motor vehicle liability policy must insure the person named in the policy and any other person "using the motor vehicle . . . with the express or implied permission of the named insured" against liability "arising out of the ownership, maintenance or use" of the vehicle. Thus, a UIM provision must insure a person using a vehicle with permission. *See Tobel v. Travelers Ins. Co.*, 195 Ariz. 363, ¶¶ 39-40, n.5, 988 P.2d 148, 155-56, 155 n.5 (App. 1999).

¶5        In addressing a previous version of § 28-4009, our supreme court decided the term "use" included loading and unloading the vehicle.[2] *Mission Ins. Co. v. Aid Ins. Servs.*, 120 Ariz. 220, 221-22, 585 P.2d 240, 241-42 (1978) (negligently closing valve on storage tank during unloading oil, allowing hot oil to spray on plaintiff, within "use" of vehicle). And, the term "use" of a vehicle in an insurance liability contract included

---

[2]The relevant portion of the statute remains substantially the same. *Compare Mission Ins. Co. v. Aid Ins. Servs.*, 120 Ariz. 220, 221, 585 P.2d 240, 241 (1978), *with* § 28-4009(A)(2).

3

failing to close a window properly to secure a dog. *Farmers Ins. Co. of Ariz. v. Till*, 170 Ariz. 429, 431-32, 825 P.2d 954, 956-57 (App. 1991) (putting dog in back of pickup/camper "use" of inherent design of vehicle).

¶6 Furthermore, when a vehicle is "intended to be used as more than a means of transportation," it is a specialized vehicle and its use may depend on the nature of the owner's business and "the specialized nature and function of the vehicle involved." *Tobel*, 195 Ariz. 363, ¶¶ 20, 31, 988 P.2d at 152, 154. In *Tobel*, the underinsured claimant was an employee of a traffic barricade company who was away from his truck carrying a barricade to another location when he was hit. *Id.* ¶¶ 3, 7. The court found the truck was equipped with specialized safety equipment, was intended as a safety device, and the driver was using it as such. *Id.* ¶ 31. Therefore, the driver was covered by the policy's UIM provision. *Id.* ¶¶ 1, 32.

¶7 A school bus is equipped with flashing safety lights and a stop sign in order to allow school children to board or exit the bus safely and cross the street. It is intended not only to transport students but also to allow them to navigate the streets safely before and after riding the bus. Therefore, a school bus is a specialized vehicle. *See id.* n.4, 988 P.2d at 154 n.4 (implicitly relying on school bus being specialized vehicle). The Marana Unified School District, which is in the business of educating students, uses its buses to board the students safely, transport them from the bus stop to school and back, unload them, and aid them in crossing the street if necessary.

¶8 Here, the students were waiting in line to board the school bus when the accident occurred. The bus had the "lights and haz[]a[r]ds" on. Thus, the bus was

4

functioning to protect the students' safety at the time of the accident, and the students were using the bus's safety functions to board it for purposes of § 28-4009(A)(2). *See Tobel*, 195 Ariz. 363, n.4, 988 P.2d at 154 n.4 (relying on *Newman v. Erie Ins. Exch.*, 507 S.E.2d 348 (Va. 1998)); *see also Newman*, 507 S.E.2d at 349, 352 (student hit crossing highway "using" school bus under UIM statute when using bus's safety equipment and intending to become passenger); *cf. Georgia Farm Bureau Mut. Ins. Co. v. Greene*, 329 S.E.2d 204, 208 (Ga. App. 1985) (under liability policy "use" continues "[w]hile the bus is standing guard with its lights flashing, its stop signals on and all visual signals functioning . . . [and] does not conclude until the bus stops operating as a school bus in relation to that child [and] . . . until each one has crossed any immediate road and is in a place of safety in a direction towards their home"); *Eden Prairie Indep. Sch. Dist. 272 v. Auto-Owners Ins. Co.*, 279 N.W.2d 358, 359-60 (Minn. 1979) (loading under liability policy "commences when the driver properly turns on the amber prewarning signals as he approaches the boarding point . . . [and] terminates when he properly retracts the stop arm and extinguishes the flashing red lights"). *But see First Sec. Bank of Searcy v. Doe*, 760 S.W.2d 863, 868 (Ark. 1988) (distinguishing between "user" protected under uninsured statute and unprotected passenger).

¶9        The Trust argues that a vehicle's passengers are never entitled to be insured for liability purposes because "use" of the vehicle consists only of driving it. However, the legislature did not limit the coverage to driving. *See* § 28-4009(A)(2). We presume the legislature says what it means. *See Turner v. City of Flagstaff*, 226 Ariz. 341, ¶ 11, 247 P.3d 1011, 1013 (App. 2011). And the Trust cites to no Arizona case holding that

5

passengers are not insured for liability purposes. To the contrary, our courts specifically have interpreted "use" to include more than merely driving. *See, e.g.*, *Tobel*, 195 Ariz. 363, ¶¶ 20, 31, 988 P.2d at 152, 154; *Farmers Ins. Co. of Ariz.*, 170 Ariz. at 431-32, 825 P.2d at 956-57; *Mission Ins. Co.*, 120 Ariz. at 222, 585 P.2d at 242; *see also*, Lee R. Russ et al., *Couch on Insurance* § 111:31 (3d ed. 2005) ("The term 'use' . . . is given broad meaning . . . [and] includes more than driving or riding in an automobile; it extends to utilizing the vehicle as an instrumental means to an end in any manner intended or contemplated by the insured."); *cf. Nationwide Gen. Ins. Co. v. Gov't Employees Ins. Co.*, 566 A.2d 1117, 1124-25 (Md. Ct. Spec. App. 1989) (using car under policy included "be[ing] a passenger in it"); *Nationwide Mut. Ins. Co. v. Davis*, 455 S.E.2d 892, 893, 895 (N.C. Ct. App. 1995) (van in "use" under policy when driver parked it and both driver and passenger/victim walking toward supermarket). Because the students were using the bus with permission and thus were insured for liability purposes as defined in § 28-4009(A)(2), Arizona law requires they be afforded UIM benefits according to § 20-259.01(B).[3]

**¶10**     Chavez further argues that the policy would cover the students by its own terms. But the UIM statute is incorporated into every policy. *See Progressive Cas. Ins. Co. v. Estate of Palomera-Ruiz*, 224 Ariz. 380, ¶¶ 10-11, 231 P.3d 384, 386-87 (App. 2010). Because we have concluded that §§ 28-4009(A)(2) and 20-259.01(B) required the students be covered, we need not address this argument.

---

[3]We need not determine today the extent of the liability coverage for the students or when their acts arise from "the ownership, maintenance or use" of the school bus.

¶11        The Trust nevertheless asserts that, even if the students were covered by other provisions of the policy, the UIM provision does not extend to these students because they were waiting to board and were not, therefore, "occupying" the bus, as the insurance policy UIM provision requires.  That provision defines occupying as "being in or being in physical contact with a covered Automobile, including while getting into or getting out of that covered Automobile."  We need not decide this issue because the Trust's interpretation of the policy provision would exclude the students from UIM coverage required by §§ 28-4009(A)(2) and 20-259.01(B).  Courts "will not interline the UM [(uninsured motorist)] and UIM statutes to permit exclusions that have not been mentioned by the legislature."  *Taylor v. Travelers Indem. Co. of Am.*, 198 Ariz. 310, ¶¶ 21-22, 9 P.3d 1049, 1056-57 (2000); *see Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 104, 859 P.2d 724, 727 (1993)  ("Exclusions and limitations on coverage are generally invalid unless contemplated by the statute.").  The Trust has not shown that the statute contemplates excluding students who are using the bus but are not in physical contact with it.  Consequently, summary judgment in favor of the Trust was improper.

## Attorney Fees

¶12        Both parties request attorney fees on appeal.  Pursuant to A.R.S. § 12-341.01(A), we award attorney fees to appellants, as the prevailing party, upon their compliance with Rule 21, Ariz. R. Civ. App. P.  Conversely, the Trust's request for fees is denied.

7

**Conclusion**

¶13      In light of the foregoing, we reverse the trial court's grant of summary judgment in favor of the Trust and remand to the trial court for further proceedings.

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Presiding Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge