NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT NELSON, *Appellant.*

No. 1 CA-CR 19-0604
FILED 6-17-2021

Appeal from the Superior Court in Maricopa County
No. CR2017-152007-001
The Honorable Laura Johnson Giaquinto, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Celia Rumann Attorney at Law, Tempe
By Celia Rumann, Michael P. O'Connor, appearing *Pro Hac Vice*
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1          Scott Nelson appeals his conviction for aggravated driving under the influence while required to have an ignition-interlock device in the vehicle.[1] Because we conclude his ignition-interlock order was in effect on the day of his offense and conclude he was given sufficient notice, we affirm the superior court on these issues but vacate and remand consistent with the contemporaneously filed opinion.

### FACTUAL AND PROCEDURAL HISTORY

¶2          This court reviews the facts in the light most favorable to sustaining the jury's verdict, resolving all reasonable inferences against Nelson. *See State v. Felix*, 237 Ariz. 280, 283, ¶ 2 (App. 2015).

¶3          On September 15, 2015, after Nelson was convicted of misdemeanor extreme driving under the influence (DUI), the Department of Transportation, Motor Vehicle Division (MVD) ordered him to install a certified interlock device in any motor vehicle he operated. Based on Nelson's conviction, the order was to last for eighteen months from the date his driving privileges were reinstated with an interlock-restricted driver license. *See* A.R.S. § 28-3319.D.2. On December 1, 2015, after Nelson provided proof of compliance, MVD reinstated his driving privileges with the interlock restriction. Accordingly, Nelson was eligible to remove the interlock device on June 1, 2017.

¶4          On March 18, 2016, an interlock installer notified MVD the interlock device was removed from Nelson's vehicle when he sold it. MVD then sent Nelson a notice of corrective action, stating he was out of compliance and MVD would suspend his license until he submitted proof an interlock device was installed in all vehicles he operated. The notice said

---

[1]      A separate opinion filed simultaneously with this memorandum decision vacates his conviction on jury-instruction grounds. *See* Ariz. R. Sup. Ct. 111(h); Ariz. R. Crim. P. 31.19(f).

"[t]he device must be installed for one year from the date that proof is received, unless a different time period is specified." On April 1, an interlock installer submitted proof to MVD showing it had installed an interlock device in a BMW Nelson had just purchased. When Nelson appeared in person and provided proof of compliance on May 12, MVD gave him a second restricted driver license with "ignition interlock" printed on it.

¶5　　　　When MVD issued Nelson his second restricted license, MVD determined Nelson would not be able to remove the interlock device until November 12, 2017—a full eighteen months after Nelson provided proof of compliance. MVD's standard practice is to inform individuals of the expiration date of their interlock-device requirements when they go to MVD to prove compliance and receive their restricted licenses. Though MVD mailed the first interlock order expiration date to Nelson, it did not do so with the revised November 12 date, and the record contains no document signed by Nelson acknowledging the new date.

¶6　　　　On November 10, 2017, law enforcement stopped Nelson for speeding. Nelson produced his license with the interlock restriction printed on it. Nelson was not driving the BMW, but another vehicle that lacked an interlock device. The officer arrested Nelson on suspicion of aggravated DUI, for operating a vehicle without an interlock device, and for being under the influence of alcohol. Seven days later, on November 17, 2017, Nelson removed the interlock device from his BMW.

¶7　　　　The State charged Nelson with aggravated DUI while impaired to the slightest degree and while required to have an interlock device installed in the vehicle (count 1) and aggravated DUI with a blood alcohol concentration of at least 0.08 while required to have an interlock device installed in the vehicle (count 2). *See* A.R.S. §§ 28-1381.A.1, .A.4; -1383.A.4.

¶8　　　　Before trial, Nelson filed a motion *in limine* asking the superior court to rule as a matter of law he was not required to have an interlock device in his vehicle on the day he was stopped. The motion also argued MVD deprived him of due process by failing to mail him notice his restriction had been extended to November 12, 2017. The superior court denied the motion, finding the interlock requirement was in effect on the date of the offense but not expressly ruling on the due process argument.

¶9　　　　A jury convicted Nelson on count 1 but failed to reach a verdict on count 2.

¶10        Nelson timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031, 13-4033.A.1.

## ANALYSIS

¶11        Nelson argues: (1) he was not subject to the interlock-device requirement at the time of the offense; and (2) he was denied due process because MVD did not give him proper notice of the new interlock order and its expiration date.

## I.        The interlock-device requirement was in effect on the date of the offense.

¶12        Nelson advances two reasons he was not subject to an interlock requirement on the date he was pulled over for aggravated DUI. First, Nelson argues his eighteen-month interlock requirement began on April 1, 2016, not May 12, 2016. Second, Nelson contends MVD lacked statutory authority to impose a new eighteen-month interlock requirement after it received notice he had installed an interlock device in the BMW.

¶13        Both arguments involve matters of statutory interpretation, which this court reviews *de novo. See State v. Potter*, 248 Ariz. 347, 349, ¶ 9 (App. 2020). The statute's text is the most reliable indicator of its meaning. *Id.* If the text is clear and unambiguous, this court does not resort to other methods of statutory interpretation. *Id.* at 349–50. Plain language analysis, however, "does not focus on statutory words or phrases in isolation." *Glazer v. State*, 244 Ariz. 612, 614, ¶ 10 (2018). Rather, "we look to the statute as a whole and we may also consider statutes that are *in pari materia* . . . for guidance and to give effect to all of the provisions involved." *Id.* (quoting *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017)).

¶14        We note, the legislature amended many of the relevant statutes in May 2017, but with an effective date after Nelson's November 2017 offense. *See* 2017 Ariz. Sess. Laws, ch. 331, § 13 (1st Reg. Sess.) (S.B. 1150) ("This act is effective from and after June 30, 2018."). Accordingly, all statutory citations are to the versions in effect at the time of Nelson's offense on November 10, 2017.

### A.        A new interlock-device requirement started on May 12, 2016.

¶15        MVD did not issue Nelson a new restricted driver license until May 12, 2016, when Nelson personally notified MVD an interlock

device was installed in the BMW. Nelson argues the period for his new interlock order should have begun on April 1, 2016, when MVD received notice from the installer. We disagree and conclude the DUI statutes unambiguously placed the burden on Nelson—not the installer—to notify MVD when the new device was installed as a condition of reinstating his driving privileges and interlock order. *See* A.R.S. §§ 28-1461.A.2, -1463.A, -1464.I.

¶16        The duration of an interlock order began when MVD reinstates a person's driving privileges suspended following a DUI conviction. A.R.S. § 28-3319.E. Defendants—such as Nelson—who have been convicted of certain DUI crimes must notify MVD an interlock device has been installed in any vehicle they operate before MVD may issue them restricted driver licenses. *See* A.R.S. §§ 28-1461.A.2, -1463.A. Paragraph 28-1461.A.2 said "[t]he department shall not reinstate the person's driving privilege or issue a special ignition interlock restricted driver license until the person has installed a functioning certified ignition interlock device in each motor vehicle operated by the person and has provided proof of installation to the department." Subsection 28-1463.A went on to say, "[i]f a person . . . does not submit proof of compliance to [MVD] as prescribed in section 28-1461, [MVD] shall suspend the person's driving privilege until proof of compliance is submitted to [MVD]." These obligations are logical because Nelson alone—not the interlock installer—has knowledge of all the vehicles he may operate.

¶17        The DUI statutes treated the removal of an interlock device differently. Subsection 28-1464.H required an ignition-interlock "installer" to notify MVD if an installer removed a device from a vehicle. In such a situation, "[i]f *the person* does not provide evidence to [MVD] within seventy-two hours that *the person* has installed a functioning certified ignition interlock device in each vehicle operated by *the person*," MVD must suspend the person's driving privileges "as prescribed in § 28-1463." A.R.S. § 28-1464.I (emphasis added).

¶18        Sections 28-1461, 28-1463, and 28-1464 drew a distinction between a "person" subject to an interlock order and the other actors in the statutory scheme—here, principally installers. An "installer" was "a person who is certified by [MVD] to install ignition interlock devices and provide services to the public related to ignition interlock devices." A.R.S. § 28-1301(5). The relevant statutes did not use "person" to refer to installers when the term "installers" was used. *See* A.R.S. §§ 28-1461, -1464.

¶19  "[W]hen the legislature chooses different words within a statutory scheme," this court presumes the distinction is meaningful. *State v. Harm*, 236 Ariz. 402, 407, ¶ 19 (App. 2015). The legislature placed a burden on installers to notify MVD when they removed an interlock device. *See* A.R.S. § 28-1464.H. Here, the interlock installer fulfilled its statutory obligation when it notified MVD the ignition-interlock device was removed from Nelson's first vehicle. This obligation is independent of the requirement placed on a person whose "driving privilege is limited" from previous DUI convictions to personally "[p]rovide proof to [MVD] of installation of a functioning certified ignition interlock device in each motor vehicle" he or she operated. *See* A.R.S. § 28-1461.A.1(b); *see also* A.R.S. §§ 28-1463.A; -1464.I.

¶20  Nelson's argument fails because it ignores how MVD's mandate to "suspend the person's driving privilege until proof of compliance is submitted to [MVD]" was prefaced with a clause triggering such an event "[i]f *a person whose driving privilege is limited . . .* does not submit proof of compliance to [MVD] as *prescribed in § 24-1461*." A.R.S. § 28-1463.A. (emphasis added). Though subsection 28-1463.A used passive wording to suggest proof of compliance could be submitted by anyone, the "prescribed" text in section 28-1461 did not. Rather, paragraph 28-1461.A.2 plainly prohibited MVD from reinstating Nelson's "driving privilege or issu[ing] a special ignition interlock restricted driver license until [Nelson] ha[d] installed a functioning certified ignition interlock device in each motor vehicle operated by [Nelson] and [had] provided proof of installation to [MVD]." *See* A.R.S. § 28-1461.A.2; *see also* A.R.S. § 28-1463.A.

¶21  "We presume the legislature says what it means." *Garcia v. Butler*, 247 Ariz. 366, 369, ¶ 8 (App. 2019) (quoting *Chavez v. Ariz. Sch. Risk Retention Tr., Inc.*, 227 Ariz. 327, 330, ¶ 9 (App. 2011)). If the legislature wanted MVD to reinstate an interlock-restricted driver license upon proof provided by an installer, it would have said so.

¶22  Accordingly, the statutes' plain language required Nelson to provide proof of compliance to MVD himself. Nelson did not do so until May 12, 2016, when he applied for a new restricted license. Nelson's new interlock period commenced then, as it was "the date [Nelson] submit[ted] proof of compliance as prescribed in § 28-1461." *See* A.R.S. § 28-1463.A. Until then, MVD could not reinstate Nelson's restricted driver license or his interlock order. *See id.*

**B.** **MVD permissibly imposed a new eighteen-month interlock-device requirement.**

¶23        Nelson argues MVD lacked authority to impose a new eighteen-month restriction once he was back in compliance. He contends MVD instead should have credited him for the previous time he complied.

¶24        Nelson was convicted of extreme DUI under paragraph 28-1382.A.2. After Nelson's conviction, MVD was required to impose an eighteen-month interlock order and ensure compliance with § 28-1461. *See* A.R.S. § 28-3319.D.2. Subsection 28-1461.A, in turn, required Nelson to provide MVD with proof of installation of an interlock device in each vehicle he operated and required on-going proof of compliance at least once every ninety days. As discussed above, the removal of Nelson's first interlock device triggered his requirement to submit proof of compliance to MVD. *See* A.R.S. § 28-1464.I. His failure to comply with this requirement obligated MVD to suspend his driving privilege, "*as prescribed in § 28-1463*," until he submitted proof of compliance to MVD. *See id.* (emphasis added).

¶25        Under subsection 28-1463.A, once a non-compliant person provided proof an interlock device is installed in each vehicle the person operated, MVD was to: (1) reinstate the person's limited driving privilege and (2) require the person to use the interlock device for one year from the date the person submits proof of renewed compliance, "[u]nless a different time period is specified." As already noted, the original time period specified under subsection 28-3319.D for Nelson's extreme DUI was eighteen months.

¶26        "The plainness or ambiguity of statutory language is determined by . . . the broader context of the statute as a whole." *Glazer*, 244 Ariz. at 614, ¶ 10 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)). Subsection 28-1464.I expressly incorporated § 28-1463 and its procedures for MVD. Section 28-1463, in turn, provided two distinct consequences for non-compliance: the suspension of driving privileges and the use of an interlock device. Having received proof of compliance from Nelson on May 12, MVD reinstated his driving privileges, fulfilling the first consequence. MVD then required Nelson to use an interlock device for eighteen months from May 12—the "different time period [] specified." *See* A.R.S. §§ 28-1463.A; -3319.D.2. We do not read the "statutory words [and] phrases [of subsection 28-1463.A] in isolation." *See Glazer*, 244 Ariz. at 614, ¶ 10. Instead, analyzing the statutory scheme as a whole, we conclude MVD permissibly looked to the time periods specified in paragraph 28-3319.D.2 for Nelson's interlock order. *See id.*

¶27        Nelson asserts MVD lacked statutory authority to reimpose an eighteen-month interlock-device requirement after he submitted proof of compliance to MVD. To the contrary, the DUI statutes required it. Under §§ 28-1382 and 28-3319, Nelson was subject to the requirements of § 28-1461. He triggered § 28-1464 by failing to provide proof of compliance after an interlock installer notified MVD the interlock device was removed from his first vehicle. Consequently, MVD suspended his driving privileges as required under §§ 28-1464, 28-1463, and 28-1461.

¶28        In short, the only way for Nelson to be relieved of the interlock order was to complete eighteen full months without falling out of compliance. *See* A.R.S. § 28-3319.D. Finding the statutes' plain language clear and unambiguous, we conclude MVD permissibly set November 12, 2017, as the expiration date for Nelson's new interlock restriction.

## II.        MVD did not violate Nelson's due process rights.

¶29        Nelson argues MVD should have given him notice it had extended his interlock restriction until November 12, 2017, and it violated his due process rights when he was convicted in the absence of such notice.

¶30        The court reviews due process claims *de novo*. *State v. O'Dell*, 202 Ariz. 453, 457, ¶ 8 (App. 2002). If a defendant did not know of a duty "and where there was no proof of the probability of such knowledge, he may not be convicted consistently with due process." *Lambert v. California*, 355 U.S. 225, 229–30 (1957).

¶31        Nelson cites *Lambert* and *State v. Garcia*, 156 Ariz. 381 (App. 1987), for the proposition he could not have been convicted absent proof he had notice of the MVD order extending his interlock restriction to November 12, 2017. He argues the text of the statutes alone did not provide him adequate notice. Nelson, however, did have notice beyond the statutes. MVD sent Nelson a notice when it imposed his initial interlock order. MVD then sent Nelson a notice of corrective action after learning Nelson removed his interlock device, notifying him it would suspend his license until he submitted proof of compliance. That notice stated "[t]he device must be installed for one year from the date that proof is received, unless a different time period is specified." When Nelson provided proof to MVD showing he had an interlock device installed in the BMW, MVD gave him a new restricted license indicating he was under an interlock order.

¶32        To suggest, as Nelson does, he is being punished for not having an interlock device in his vehicle "without any notice of that duty other than the statute itself" ignores the repeated notices he was given.

MVD put Nelson on actual notice of the new order in its notice of corrective action, and at a minimum, put him on constructive notice as to the order's duration. Accordingly, "the probability of such knowledge" exists. *See Lambert*, 355 U.S. at 229.

## CONCLUSION

¶**33**　　　　We affirm the superior court's order on the above issues but vacate and remand consistent with the contemporaneously filed opinion.

